STATE OF LOUISIANA

VERSUS

FELICIA LAMPTON

NO. 24-K-337

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

August 01, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** FELICIA LAMPTON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE FRANK A. BRINDISI, DIVISION "E", NUMBER 24-1688

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

## WRIT DENIED IN PART, GRANTED IN PART, AND REMANDED

In this writ application filed July 26, 2024, relator, Felicia Lampton, seeks the stay and emergency review of the trial court's order remanding relator to parish jail to be held without bond based upon a pre-trial drug test, which was positive for the presence of tetrahydrocannabinol (THC). For the following reasons, we deny the request for stay, reverse the trial court's order remanding relator without bail, and remand this matter for further proceedings.

Relator is charged by bill of information filed on March 27, 2024 with violating La. R.S. 14:95.1, possession of firearm or carrying concealed weapon by a person convicted of certain felonies. Submitted in support of the writ application are the bill of information and court minutes of the 24th Judicial District Court in case number 24-1688, including those of proceedings conducted on July 22, 2024 and July 24, 2024.

1

According to minutes of July 22, 2024, relator, who was present in court with her counsel, was ordered to submit to a drug screen. The exhibit attached to the writ application reports the drug test was positive. Based on the positive drug test result, the trial court ordered relator remanded to the Jefferson Parish Correctional Center and held without bond. On July 24, 2024, a hearing was conducted on relator's motion for release. The trial court denied the motion, ordered relator's pre-trial bond revoked, and re-scheduled trial for August 26, 2024.

Relief sought by this writ is vacating the trial court's order which remanded relator to jail without bail based upon a positive test for THC. Louisiana Code of Criminal Procedure article 320(K) states:

> K. Violations. Violation of any condition by the defendant shall be considered as a constructive contempt of court, and shall result in the revocation of bail and issuance of a bench warrant for the defendant's arrest or remanding the defendant to custody. The court may also modify bail by either increasing the amount of bail or adding additional conditions of bail.

The procedure for punishing constructive contempt of court is set forth in La. C.Cr.P. art. 24, which states in pertinent part:

> A. When a person is charged with committing a constructive contempt, he shall be tried by the judge on a rule to show cause alleging the facts constituting the contempt. The rule may be issued by the court on its own motion or on motion of the district attorney.
> B. A certified copy of the motion and of the rule shall be served on the person charged in the manner of a subpoena not less than forty-eight hours prior to the time assigned for trial of the rule.
> * * * * *
> D. If the person charged with contempt is found guilty, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with the contempt guilty thereof, and specifying the punishment imposed.

2

Records submitted with this application do not reflect a constructive contempt hearing was conducted. Additionally, there is no evidence for this court to consider what conditions of bail may have been violated.

Violation of pre-trial bail conditions subjects a criminal defendant to arrest. La. C.C.P. art. 332. Subject to limited exceptions, a person charged with the commission of an offense is entitled to bail before conviction. La. C.Cr.P. art. 312. For good cause, a court may increase or reduce the amount of bail, or require new or additional security on its own motion or on motion of the district attorney or defendant. La. C.Cr.P. art. 319. Under the Louisiana Code of Criminal Procedure, remanding a defendant without bail for a bail condition violation is predicated on an adjudication of contempt of court. La. C.Cr.P. art. 24. The procedure by which a finding of constructive contempt of court is to be made is set forth by La. C.Cr.P. art. 24.

Based on the foregoing, we grant in part and deny in part the relief sought in relator's writ. The trial court's order remanding relator to the Jefferson Parish Correctional Center is affirmed. We reverse the trial court's orders for relator to be held without bail and for revocation of relator's bond. Though we are reversing the trial court's orders, we recognize relator may still yet be adjudged in contempt for violation of bail conditions. Therefore, we order the trial court to conduct a hearing in accordance with La. C.Cr.P. art. 24 within three (3) days of this disposition, to set bail for relator pending the hearing ordered herein. Relator's motion to stay is denied.

Gretna, Louisiana, this 1st day of August, 2024.

**TSM**
**MEJ**

3

STATE OF LOUISIANA                                 NO. 24-K-337

VERSUS                                             FIFTH CIRCUIT

FELICIA LAMPTON                                    COURT OF APPEAL

                                                   STATE OF LOUISIANA


**SCHLEGEL, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS**

I agree that the trial court erred when it revoked relator's bond without first holding a hearing pursuant to La. C.Cr.P. art. 24. But I disagree that relator is entitled to a bond pending such hearing. The trial court was clearly within its authority to order the defendant remanded pursuant to La. C.Cr.P. arts. 320 & 332 without bond. According to the record, relator tested positive for marijuana while out on bond for the charge of violating La. R.S. 14:95.1, possession of firearm or carrying concealed weapon by a person convicted of certain felonies. Providing relator with the ability to immediately post another bond before the contempt hearing would defeat the statutory purpose of remanding any defendant who the court believes to have violated the conditions of bail in the first place. La. C.Cr.P. art. 332 clearly states that "[t]he court in which the defendant is held to answer may issue a warrant for the arrest **and commitment** of the defendant who is at large on bail when …. [t]here has been a breach of the bail undertaking." (Emphasis added.)

**SUS**

1

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/01/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-337**

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Honorable Frank A. Brindisi (DISTRICT JUDGE)
Thomas J. Butler (Respondent)                    Eric E. Malveau (Relator)

**MAILED**